IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nicholas N. Brown, | ) | C/A No.: 2:25-cv-3343 DCN |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Trooper Hunter Green; South Carolina Department of Public Safety (SCDPS); South Carolina Department of Motor Vehicles (SCDMV); and Charleston County Detention Center, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

The above-referenced case is before this court upon the magistrate judge's recommendation that plaintiff's first motion for a temporary restraining order ("TRO") and a preliminary injunction be mooted and the second motion for TRO and preliminary injunction be denied. It was further recommended that plaintiff's first motion for summary judgment be mooted and the second motion for summary judgment be denied without prejudice and with leave to refile.

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984),

,cert. denied, 467 U.S. 1208 (1984 ).[1]  On May 23, 2025, plaintiff timely filed objections to the Report and Recommendation.

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's Report and Recommendation is **AFFIRMED** and incorporated into this order.

**IT IS THEREFORE ORDERED** that plaintiff's first motion for TRO and preliminary injunction (ECF No. 5) is **DEEMED MOOT**, and his second motion for TRO and preliminary injunction (ECF No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment (ECF No. 7) is **DEEMED MOOT**, and his second motion for summary judgment (ECF No. 16) is **DENIED** without prejudice and with leave to file.

**AND IT IS SO ORDERED.**

_____
David C. Norton
United States District Judge

June 17, 2025
Charleston, South Carolina

## NOTICE OF RIGHT TO APPEAL

---

1 In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within fourteen (14) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.