UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Nicholas N. Brown, | ) | Civil Action No. 2:25-cv-03343-DCN-MHC |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Trooper Hunter Green, South Carolina Department of Public Safety (SCDPS), South Carolina Department of Motor Vehicles (SCDMV), and Charleston County Detention Center, | ) | |
| Defendants. | ) | |

This action has been filed by Plaintiff, who is proceeding pro se, alleging violations of his constitutional rights under § 1983, as well as discrimination under Title II of the Americans with Disabilities Act ("ADA"). ECF No. 1. Before the Court is Plaintiff's Motion for Electronic Filing Access. ECF No. 31.

In his Motion, Plaintiff seeks access to the Court's Case Management/Electronic Case Files ("CM/ECF") system for the duration of the litigation as a reasonable accommodation for his service-connected disability. ECF No. 31 at 1. Plaintiff indicates he has been recognized as a 100 percent disabled veteran and his disabilities "affect his ability to manage manual filings, including printing, mailing, scanning, and tracking physical documents while complying with complex deadlines and procedural rules." *Id.* at 2, ¶ 2.

Further, Plaintiff highlights that "Defendants and their counsel receive instantaneous notice of filings and orders via the CM/ECF system[,]" and "[a]s a result, Plaintiff is operating at a procedural disadvantage, often learning of court decisions or defense motions day later by mail—impacting his ability to respond effectively." *Id.* at ¶ 3. His disabilities "present real burdens when

1

navigating the paper-based system, and electronic filing would provide a fair and efficient means of ensuring equal participation in his own case." *Id.* at ¶ 6.

Plaintiff requests that he be provided direct registration and login credentials for CM/ECF or that he be allowed to file documents by email to the clerk for immediate docketing. *Id.* at 3. In the alternative, Plaintiff requests that the Court order "any additional ADA accommodation to ensure equal access to electronic filings, notices, and court communications in this matter." *Id.*

The Court has specific rules that apply to all pro se parties. Pursuant to the District of South Carolina's Electronic Case Filing Policies and Procedures ("ECFPP"), "[a] Pro Se Party may not register as a Filing User to file electronically in the ECF System." ECFPP § 3.3. Additionally, the Local Rules of this Court provide that non-electronic documents be filed with the Court Services section of the office of the clerk of court. Loc. Civ. R. 5.02(B), (D.S.C.). They do not allow for filing by email. The Rules allow for hand delivery, in addition to filing by mail. The clerk of court is normally open to accept non-electronic filings on all days except Saturdays, Sundays, and federal holidays. *See id.*

Accordingly, to adequately address Plaintiff's alternate request for accommodations, this Court issued a text order that Plaintiff "file his VA rating, as well as the limitations imposed or diagnosed, under seal with the court." ECF No. 33. In response to the Court's order, Plaintiff filed a letter from the Department of Veterans Affairs certifying that he receives 100 percent service-connected disability compensation. ECF No. 42-1. Though Plaintiff indicated in his notice that he was also filing "[s]upporting documentation reflecting Plaintiff's physical and mental health limitations, which materially impact his ability to manage physical filing, printing, mailing, and tracking court documents," ECF No. 42 at 1, he did not. Plaintiff's documentation of his VA disability rating alone does not support an inability to manage physical filings, print, mail, or track

court documents.

It appears Plaintiff's request may pertain more to the timing of receiving documents from the Court and Defendants. *See* ECF No. 31 at 2, ¶ 3 ("Defendants and their counsel receive instantaneous notice of filings and orders via the CM/ECF system. As a result, Plaintiff is operating at a procedural disadvantage, often learning of court decisions or defenses days later . . . ."). However, Plaintiff has access to PACER, which allows users to "view and print case filings, judicial opinions, and other docket information from the federal trial, bankruptcy, and appellate courts." *Brown v. Henderson Cnty. Sheriff's Off.*, No. 1:23-CV-00270-MR-WCM, 2024 WL 1739748, at *1–2 (W.D.N.C. Apr. 23, 2024) (quoting *In re Gollan*, 728 F.3d 1033, 1035 (9th Cir. 2013)).

Plaintiff, like any other pro se party, is "served with electronically-filed documents through Traditional Service," meaning he is served with "a paper copy of [the] document using the forms of service authorized under the Federal Rules of Civil Procedure." ECFPP §§ 1.14, 11.2.2. When responses are due to any filing that is served on Plaintiff through the United States Postal Service, the due date for any response is extended under the Federal Rules of Civil Procedure to account for additional time related to service by mail. *See* Fed. R. Civ. P. 6(d).

At this time, there is nothing before the Court to indicate that Plaintiff does not have equal access to electronic filings, notices, and court communications in this matter. Indeed, a review of the docket shows that Plaintiff has filed documents, timely responded to motions and court orders, and has successfully communicated with the Court thus far. Because the record before the Court indicates that Plaintiff has the access he seeks, his request for any additional accommodation is denied at this time.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Plaintiff's Motion for Electronic Filing Access (ECF No. 31) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

_____
Molly H. Cherry
United States Magistrate Judge

June 18, 2025
Charleston, South Carolina